UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ENCORE BIG BEAVER LLC,

    Plaintiff,                                      Civil Action No. 20-CV-12345

vs.                                                HON. BERNARD A. FRIEDMAN

UNCLE JULIO'S OF FLORIDA, INC.
and UNCLE JULIO'S CORP.,

    Defendants.,

and

UNCLE JULIO'S OF FLORIDA, INC.,

    Counter-Plaintiff,

vs.

ENCORE BIG BEAVER LLC,

    Counter-Defendant.
_____/

**OPINION AND ORDER (1) GRANTING COUNTER-PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS TO LIABILITY ONLY AND (2) OVERRULING COUNTER-DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE STAFFORD'S DECEMBER 9, 2021, OPINION AND ORDER**

        This matter is presently before the Court on counter-plaintiff's motion for summary judgment on its counterclaim as to liability only (ECF No. 55) and counter-defendant's objections to Magistrate Judge Stafford's December 9, 2021, opinion and order. (ECF No. 65). Response briefs and reply briefs have been filed as to both. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide the motion and objections without a hearing. For the following reasons, the Court shall grant the motion for summary judgment as to liability only and overrule the objections to Magistrate Judge Stafford's December 9 opinion and order.

**I. Background**

This is a contract dispute. Counter-plaintiff, Uncle Julio's of Florida ("UJ-FL"), operates a chain of Tex-Mex restaurants around the country. It is incorporated in Florida and headquartered in Texas. Counter-defendant, Encore Big Beaver LLC ("Encore") is a Michigan-based company and the owner of commercial retail property located in Troy, Michigan. *See Encore Big Beaver LLC v. Uncle Julio's of Fla. Inc.*, No. 20-CV-12345, 2021 WL 54138888, at *1 (E.D. Mich. Oct. 27, 2021).

Encore filed the instant lawsuit on August 28, 2020, raising two claims: Breach of lease agreement by UJ-FL (Count I) and breach of guaranty by UJ-FL's parent company, Uncle Julio's Corporation ("UJC") (Count II). *See id*. Encore asserted that "UJ-FL had anticipatorily breached the parties' September 17, 2018, lease agreement, the performance of which was guaranteed by . . . UJC." *Id*. Central to the parties' dispute was a June 9, 2020, email sent by UJC's now former real estate director, Scott Lark, which requested a significant delay in the commencement of the parties' contract due to pandemic- and protest-related business interruptions and financial shortfalls. *See id*.

In early 2021, the parties filed cross-motions for summary judgment and on June 30, 2021, the Court issued an opinion and order granting the motion filed by UJ-FL and UJC and denying Encore's motion. (ECF No. 35). In reaching this conclusion, the Court stated that "[t]he facts of this case simply fail to meet the high threshold for establishing a claim of contractual repudiation" – i.e., Scott Lark's email was not "a distinct and unequivocal, absolute refusal to perform," nor did Encore act upon it as such. *Encore Big Beaver LLC v. Uncle Julio's of Fla. Inc.*, No. 20-CV-12345, 2021 WL 2682732, at *6 (E.D. Mich. June 30, 2021) (quoting *Buys v. Travis*,

220 N.W. 798, 800 (Mich. 1928)). Rather, the Court noted that

> [b]ased on the parties' words and actions, it is clear that neither side understood Lark's June 9, 2020, email to constitute an absolute refusal to perform. After Lark sent this email, both Encore and UJ-FL engaged in further negotiations, referred to the email as a request for delay, and expressed hope regarding the future of their business endeavors.

*Id*. In the same opinion and order, the Court granted UJ-FL's motion to amend its answer to assert one counterclaim for breach of contract, *see id*. at *7-8, which was filed on July 13, 2021. (ECF No. 36).

UJ-FL's counterclaim alleges that Encore, not UJ-FL, breached the parties' contract. As the Court previously summarized:

> UJ-FL's counterclaim for breach of contract alleges that under the terms of the lease agreement [Encore] was "required to perform 'Landlord's Work,' which consists of construction improvements referred to as the 'Building Work' and the 'Common Area Work.'" (ECF No. 36, ¶ 14). Under the terms of the lease, [Encore] was to complete Landlord's Work before [UJ-FL] could commence "Tenant's Work." (*Id*., ¶ 17). [UJ-FL] states that in accordance with the latest version of the lease agreement, and taking into account a COVID-19-related 45-day force majeure period, both the Building Work and Common Area Work were to be completed by July 15, 2020, and August 14, 2020, respectively. (*Id*., ¶¶ 15-21). However, [UJ-FL] alleges, [Encore] has yet to complete either the Building Work or the Common Area work. (*Id*., ¶ 22). Moreover, [UJ-FL] alleges that [Encore] has "leased most of the Leased Premises to [a] new tenant," effective February 12, 2021, rendering "Encore unable or apparently unable to perform the Lease." (*Id*., ¶¶ 41-44). [UJ-FL] argues that [Encore] therefore both materially breached and repudiated the parties' agreement.

*Encore Big Beaver*, 2021 WL 54138888, at *2 (footnote omitted). On July 23, 2021, Encore filed a motion to dismiss UJ-FL's counterclaim for lack of subject matter jurisdiction (ECF No. 37),

which the Court denied on August 30, 2021.[1] (ECF No. 41). UJ-FL now seeks summary judgment on its counterclaim as to liability only.

**II. Legal Standards**

> Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of showing "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). A genuine dispute of material fact exists if "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). In applying the summary judgment standard, the court must review all materials supplied, including pleadings, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

*United States v. White*, No. 17-6022, 2018 WL 4215614, at *2 (6th Cir. July 11, 2018).

"A federal court sitting in diversity applies the substantive law of the forum state." *Adkins v. Chrysler Fin. Corp.*, 344 F. App'x 144, 147 (6th Cir. 2009). "When deciding a diversity case under state law, a federal court must apply the law of the state's highest court. If, however, the state's highest court has not decided the applicable law, then the federal court must ascertain the state law from all relevant data," which include judgments from the state's intermediate appellate courts. *Garden City Osteopathic Hosp. v. HBE Corp.*, 55 F.3 1126, 1130 (6th Cir. 1995) (internal quotation marks and citations omitted).

---

[1] Encore subsequently sought leave to file an amended complaint, raising the same two claims as the original complaint. (ECF No. 44). However, rather than a theory of anticipatory breach, Encore's proposed amended complaint argued that by requesting a delay, UJ-FL had breached the contract's "time is of the essence" clause. *See Encore Big Beaver*, 2021 WL 54138888, at *3. The Court denied this motion on October 27, 2021, concluding that Encore was merely attempting to "rephrase a claim the Court has already decided and rejected" and that, moreover, "breaching a 'time is of the essence' clause, without actually failing to meet a deadline to which the clause applies" does not constitute breach of contract. *Id*. at *4.

**III. UJ-FL's Motion for Summary Judgment as to Liability**

In the instant motion, UJ-FL seeks summary judgment in its favor on its counterclaim with respect to liability only, leaving the measure and amount of UJ-FL's damages for trial. (ECF No. 55, PageID.1098). UJ-FL contends that Encore has admitted to leasing space to another tenant, Diamonds Direct, in a "Replacement Lease [that] overlaps [with] the Leased Area Encore leased to UJ-FL . . . ." (*Id.*). UJ-FL argues that Encore's lease with "Diamonds Direct makes it physically impossible for Encore to fulfill its performance obligations to UJ-FL under [the parties' lease agreement]. This is the hornbook definition for the repudiation of a lease." (*Id.*, PageID.1100). UJ-FL further contends that the affirmative defenses contained in Encore's answer "don't relieve Encore of liability for repudiating the Lease." (*Id.*, PageID.1101). Rather, UJ-FL argues, Encore has merely attempted to repackaged its previously rejected repudiation claim as affirmative defenses – i.e., that UJ-FL, not Encore, first breached the lease via Scott Lark's June 9, 2020, email. (*Id.*, PageID.1101-04).

In response, Encore concedes that it breached the parties' contract by signing a lease with Diamonds Direct (ECF No. 64, PageID.1159 n.2) and does not address the affirmative defenses raised in its answer to UJ-FL's counterclaim. However, Encore contends that UJ-FL has failed to present sufficient evidence that Encore's breach caused UJ-FL's damages. Encore argues that UJ-FL must prove causation, in addition to contractual breach, in order to establish Encore's liability. (*Id.*, PageID.1157). Encore posits that UJ-FL's "alleged damages are very likely 100% attributable to its financial incapacity in the spring of 2020, to its dismissal of the very employees responsible for carrying out its performance of the Lease, and/or to its corporate policy to cease investing in locations where construction had not yet begun," rather than Encore's subsequent repudiation of the

5

parties' contract. (*Id*., PageID.1160-61).  Encore argues that "even assuming perfect performance by Encore, UJ[-FL] would be in the exact same position it is now." (*Id*., PageID.1158).  Encore contends that "[a]t a minimum, . . . numerous genuine issues of material fact prohibit the entry of summary judgment" as to causation and that the motion should be denied to allow for discovery on this issue. (*Id*., PageID.1168-69).

> In reply, UJ-FL states that
>
> for a breach-of-contract claim[,] UJ-FL has the burden of proving: (a) that there was a contract between it and Encore; (b) that Encore breached the Contract; and (c) that UJ-FL suffered damages as a result of the breach." UJ-FL's motion resolves (a) and (b); granting the motion would correctly leave (c) as the sole issue in the case.

(ECF No. 67, PageID.1325) (internal quotation marks omitted, quoting M. Civ. J.I. 142.01).  UJ-FL adds that, "[o]f course, Encore is entitled to relevant discovery related to the amount of UJ-FL's claimed expectation-based damages and reliance-based damages," but contends that this does not preclude an award of summary judgment in its favor as to liability. (*Id*., PageID.1331).

**III. Summary Judgment Analysis**

There is no genuine issue of material fact regarding Encore's contract with Diamonds Direct and Encore's breach of its contract with UJ-FL.  Encore concedes that it did in fact repudiate the parties' contract when it entered into a lease agreement with Diamonds Direct in February 2021.  The only issue before the Court, therefore, is whether UJ-FL must prove that Encore's breach caused UJ-FL's damages in order to obtain the requested relief:  Summary judgment as to liability only.  The Court concludes that UJ-FL need not do so.

The case of *Sherman v. Sherrod*, Nos. 320689, 323278, 324569, 2015 WL 9257954 (Mich. Ct. App. Dec. 17, 2015), is instructive.  That case involved a purchase agreement for the sale

6

of defendants' medical practice. *Id.* at *1. As occurred in the instant case, the relationship between the parties deteriorated, resulting in breach of contract claims being filed by both sides. *Id*. at *1-2. The trial court granted summary disposition in favor of plaintiffs on their breach of contract claim. *Id*. at *2. On appeal, however, the Michigan Court of Appeals separated the issue of liability from the issue of damages, affirming the trial court's ruling as to liability only and remanding for a trial as to damages. *Id*. In reaching this conclusion, the appellate court stated that "the trial court properly found that there [was] no genuine issue of material fact in regard to defendant[s] . . . breaching the contract." *Id.* at *5 (quoting *Sherman v. Sherrod*, Nos. 299045, 299775, 308263, 2013 WL 2360189, at *6 (Mich. Ct. App. May 30, 2013)). However, the court noted that "there [remained] a genuine issue of material fact regarding the amount of damages resulting from that breach."[2] *Id*. The court stated that defendants

> should be permitted to present evidence at trial concerning causation of the damages and additional evidence that there were mitigating factors that should limit the amount of damages recoverable by plaintiffs. . . . While damages are an element of a breach of contract action, a party to a contract who is injured by another's breach of the contract is entitled to recover from the latter only damages for such injuries as are the direct, natural, and proximate result of the breach. The type and amount of damages that were the direct, natural, and proximate result of defendants' breach of contract (i.e., those damages that were caused by the breach) could only be established through testimony and evidence. To determine the amount of damages plaintiffs were entitled to recover necessarily required proof of a nexus between defendants' breach of contract and the specific damages sought.

*Id*. (citations omitted).

---

[2] The Michigan Court of Appeals noted that plaintiffs had failed to produce "any evidence . . . that defendants' breach resulted in any or all of" the alleged damages. *Sherman*, 2013 WL 2360189, at *4.

Likewise, in the instant case there is no genuine issue of material fact as to whether Encore breached the contract. However, there remain genuine issues of material fact in regard to the amount of damages resulting from that breach. As in *Sherman*, summary judgment may therefore be granted as to liability, although it is not warranted as to damages, leaving only the latter issue for trial. In order to recover on its claim, UJ-FL bears "the burden of proving its damages with reasonable certainty, and may recover only those damages that are the direct, natural, and proximate result of the breach." *Alan Custom Homes, Inc. v. Krol*, 667 N.W.2d 379, 383 (Mich. Ct. App. 2003). As UJ-FL acknowledges, Encore is entitled to discovery on this issue, including any mitigating factors that may limit the amount of damages recoverable by UJ-FL. Relevant evidence is not limited to "numbers only," but rather should include "testimony and evidence to support or discredit [the claim] that the numbers were caused by [Encore's] breach." *Sherman*, 2015 WL 9257954, at *6. Accordingly, the Court shall grant UJ-FL's motion for summary judgment as to liability only and shall issue an amended scheduling order to allow for discovery on the issue of damages.

**IV. Encore's Objections to Magistrate Judge Stafford's December 9 Opinion and Order**

Finally, the Court shall overrule Encore's objections to Magistrate Judge Stafford's December 9, 2021, opinion and order (ECF No. 63) denying Encore's motion to compel. Pursuant to Fed. R. Civ. P. 72(a), when a magistrate judge rules on a non-dispositive pretrial matter and objections are timely filed, "[t]he district judge in the case must consider [the] objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *See also* 28 U.S.C. § 636 (providing this same standard).

Encore's motion to compel sought information related to its aforementioned affirmative defenses and proposed claims[3] – i.e., that UJ-FL breached the contract first by requesting a delay in the commencement of the parties' lease agreement. (ECF No. 49, PageID.1015-16). In its reply brief regarding its motion to compel, Encore argued, for the first time, that the requested discovery material was relevant to the issue of causation – "a necessary element of UJ[-FL]'s claim for breach of the lease." (ECF No. 58, PageID.1116). Magistrate Judge Stafford denied Encore's motion for two reasons: (1) Encore failed to adequately develop its legal argument as to the relevance of its discovery requests; and (2) Encore's requests were overly broad and unduly burdensome. (*Id.*, PageID.1144-47). Moreover, Magistrate Judge Stafford noted that Encore had improperly raised its causation argument for the first time in its reply brief. (*Id.*, PageID.1144-45). As another judge in this district has explained:

> The Court Rules allow only for a motion, a response, and, optionally, a reply brief. The reply brief is the last pleading filed, and an opposing party has no right to file additional pleadings. In addition, Fed. R. Civ. P. 7[(b)] requires that a motion "shall state with particularity the grounds [for seeking the order] . . . ."
>
> . . . It is impermissible to mention an issue for the first time in a reply brief because the [opposing party] then has no opportunity to respond. [C]ourt decisions have made it clear that the [movant] cannot raise new issues in a reply brief; he can only respond to arguments raised for the first time in [the response] brief.

*Sims v. Piper*, No. 07-14380, 2008 WL 3318746, at *4 (E.D. Mich. Aug. 8, 2008) (internal quotation marks and citations omitted). For these reasons, arguments raised for the first time in a reply brief

---

[3] Encore's motion to compel (ECF No. 49) was filed on October 21, 2021, six days before the Court issued its opinion and order denying Encore's motion for leave to file a first amended complaint. (ECF No. 50). At present, Encore has no pending claims in the case. The only pending claim is UJ-FL's counterclaim for breach of contract.

are generally considered waived. *Id*. at *5. Although Magistrate Judge Stafford denied Encore's motion to compel, she concluded her opinion and order by stating that "[i]f Encore finds legal support for its argument that UJ-FL's alleged lack of financial capacity to perform on the lease is relevant to causation it may make new and proper discovery requests on that issue." (ECF No. 63, PageID.1148).

In its brief in support of its objections, Encore attempts to present the legal support that Magistrate Judge Stafford requested at the conclusion of her opinion and order. Encore contends that "if the Court is satisfied that Encore has now supported its argument that UJ[-FL]'s 'lack of financial capacity' is indeed relevant to the element of causation, . . . [its] objection is [otherwise] moot because new discovery requests will be issued in accordance with the Magistrate's instructions." (ECF No. 65, PageID.1213). Alternatively, Encore requests "that the Court either (1) set aside the Order *in toto* because the Magistrate's specific condition has been met; or (2) make clear in a second order that Encore is entitled to discovery of causation, specifically the impact COVID-19 had on UJ[-FL]'s bottom line and strategic decision making." (*Id*.). "Encore further requests that the Court issue a new scheduling order so the parties may begin making meaningful progress in pretrial discovery." (*Id*., PageID.1221-22).

The Court shall overrule Encore's objections. Encore has failed to demonstrate that Magistrate Judge Stafford's opinion and order is clearly erroneous or is contrary to law. Further, the legal arguments provided in Encore's brief in support of its objections do not "meet the Magistrate's specific condition" because Encore has failed to make new and proper discovery requests on the issue of causation, as required in the opinion and order. Nor has Encore addressed Magistrate Judge Stafford's critique that the discovery requests were overly broad and unduly

10

burdensome. As to Encore's proposed alternative relief regarding the issuance of a second order, the Court has indicated that Encore is entitled to discovery as to damages, including the question of causation. The Court will issue a new scheduling order permitting such discovery.

**V. Conclusion**

Accordingly,

IT IS ORDERED that counter-plaintiff UJ-FL's motion for summary judgment in its favor on its counterclaim (ECF No. 55) is granted as to liability only. The parties are entitled to discovery on the issue of damages, including the extent to which Encore's breach caused UJ-FL to incur damages, if any.

IT IS FURTHER ORDERED that counter-defendant Encore's objections to Magistrate Judge Stafford's December 9, 2021, opinion and order (ECF No. 65) are overruled.

IT IS FURTHER ORDERED that the parties may engage in damages-related discovery for a period of 90 days from the date of this order.

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
Dated: February 11, 2022            SENIOR UNITED STATES DISTRICT JUDGE
Detroit, Michigan

11