UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ENCORE BIG BEAVER LLC,

    Plaintiff,                                              Civil Action No. 20-CV-12345

vs.                                                           HON. BERNARD A. FRIEDMAN

UNCLE JULIO'S OF FLORIDA, INC.
and UNCLE JULIO'S CORP.,

    Defendants.,

and

UNCLE JULIO'S OF FLORIDA, INC.,

    Counter-Plaintiff,

vs.

ENCORE BIG BEAVER LLC,

    Counter-Defendant.
_____/

## OPINION AND ORDER GRANTING IN PART PLAINTIFF/COUNTER-DEFENDANT'S MOTION FOR LEAVE TO FILE AN AMENDED ANSWER

This matter is presently before the Court on the motion filed by plaintiff/counter-defendant Encore Big Beaver LLC ("Encore") to amend its answer to the counterclaim filed by defendant/counter-plaintiff Uncle Julio's of Florida, Inc. ("UJ-FL"). (ECF No. 75). UJ-FL has filed a response (ECF No. 81) and Encore has replied (ECF No. 83). Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing. For the following reasons, the Court shall grant the motion in part.

**I.**    **Background**

        This is a contract dispute between UJ-FL, a Tex-Mex restaurant chain, and its would-be

landlord, Encore. Encore filed the instant lawsuit on August 28, 2020, raising two claims: breach of lease agreement by UJ-FL (Count I) and breach of guaranty by UJ-FL's parent company, Uncle Julio's Corporation ("UJC") (Count II). *See Encore Big Beaver LLC v. Uncle Julio's of Fla., Inc.*, No. 20-CV-12345, 2021 WL 5413888, at *1 (E.D. Mich. Oct. 27, 2021). Encore asserted that "UJ-FL had anticipatorily breached the parties' September 17, 2018, lease agreement, the performance of which was guaranteed by . . . UJC." *Id*. UJ-FL has subsequently asserted a counterclaim for breach of contract and the Court has decided three motions for summary judgment – two filed by UJ-FL and one filed by Encore. *See Encore Big Beaver LLC v. Uncle Julio's of Fla., Inc*., No. 20-CV-12345, 2022 WL 428405, at *1-2 (E.D. Mich. Feb. 11, 2022).

At present, the only remaining claim is UJ-FL's counterclaim for breach of contract, which the Court decided as to liability in UJ-FL's favor in a February 11, 2022, opinion and order. *Id*. at *6. In that opinion and order, the Court explained:

> [I]n the instant case there is no genuine issue of material fact as to whether Encore breached the contract.[1] However, there remain genuine issues of material fact in regard to the amount of damages resulting from that breach. . . . [S]ummary judgment may therefore be granted as to liability, although it is not warranted as to damages, leaving only the latter issue for trial. In order to recover on its claim, UJ-FL bears the burden of proving its damages with reasonable certainty, and may recover only those damages that are the direct, natural, and proximate result of the breach. As UJ-FL acknowledges, Encore is entitled to discovery on this issue, including any mitigating factors that may limit the amount of damages recoverable by UJ-FL. Relevant evidence is not limited to numbers only, but rather should include testimony and evidence to support or discredit [the claim] that the numbers were caused by [Encore's] breach. Accordingly, the Court shall grant UJ-FL's motion for summary judgment as to liability only and shall issue an amended scheduling order to allow for

---

[1] Encore "concedes that it breached the parties' contract by signing a [conflicting] lease with [another tenant,] Diamonds Direct." *Encore Big Beaver*, 2022 WL 428405, at *3 (citing ECF No. 64 (Encore Resp. Br.), PageID.1159).

>discovery on the issue of damages.

*Id*. at *4 (internal quotation marks and citations omitted).

## II.  Motion to Amend Answer

In the instant motion, Encore seeks leave to amend its answer and affirmative defenses to UJ-FL's counterclaim to include the following affirmative defense:

>9. Counter-Plaintiffs' claims are barred, in whole or in part, for their failure to mitigate their damages by, among other facts learned in discovery, (1) failing to lease, purchase, or investigate a new location in Troy or the surrounding area to operate the same or a comparable restaurant as they would have operated at the Leased Premises from Counter-Defendant Encore; (2) failing to provide to Encore basic commercial assurances that UJ[-FL] intended to timely pursue UJ[-FL]'s construction responsibilities under the lease, complete those responsibilities, begin the payment of rent, or to "save the project" by otherwise adjusting the timing via a lease amendment; and (3) agreeing to the lease buyouts offered by Encore or negotiating an otherwise favorable buyout.

(ECF No. 75, PageID.1416).  Encore states that it "first became aware that UJ[-FL] opposed Encore's ability to argue failure to mitigate" in a "meet and confer on April 12, 2022."  (*Id*., PageID.1419). Encore therefore filed the instant motion to amend on April 28, 2022.  At that time, the deadline for filing motions, including those seeking amendments to the pleadings, was set for July 27, 2022.  (ECF No. 72).  The Court has since extended the scheduling order by an additional ninety days.  (ECF Nos. 78, 79).

Encore further argues that UJ-FL "was aware, or at least should have been aware, that [Encore] intended to rely on a [failure to mitigate damages] defense" due to the Court's reference to "mitigating factors" in its February 11, 2022, opinion and order.  (ECF No. 75, PageID.1418) (internal quotation marks omitted).  Encore contends that "when this Court stated in its opinion that Encore is entitled to discovery on 'mitigating factors,' the Court established the law of the case for subsequent

3

stages," thereby making UJ-FL aware of Encore's intention "to use failure to mitigate damages as a defense" and "entitl[ing] [Encore] to use it as well." (*Id.*).

In response, UJ-FL argues that the proposed amendment is futile, untimely, and unduly prejudicial. (ECF No. 81, PageID.1572). UJ-FL contends that no relevant case law supports a mitigation defense "after a landlord wrongfully repudiated a lease." (*Id.*, PageID.1574). This, UJ-FL argues, is due to "the uniqueness of real estate." (*Id.*). UJ-FL explains that it "spent several years developing its strategy for the market" and specifically "identified Encore's location as the 'right' location for its flagship in the Detroit area." (*Id.*, PageID.1574-75). UJ-FL adds that it "would not have selected an inferior location simply to get into the Detroit market." (*Id.*, PageID.1575). UJ-FL argues that Encore's proposed mitigation defense "recklessly disregards the complexities and nuances of site-selection." (*Id.*, PageID.1576).

UJ-FL further contends that the requested amendment is untimely and unduly prejudicial. UJ-FL argues that Encore has been aware of the availability of the mitigation defense since at least October 2020 when UJ-FL filed its own responsive pleading, which included such a defense. (*Id.*, PageID.1579); (ECF No. 8, PageID.135-36). Nonetheless, UJ-FL notes, Encore has provided no explanation for its delay in seeking the instant amendment. (ECF No. 81, PageID.1579). Further, UJ-FL contends that while Encore's motion may have been filed well in advance of the relevant filing deadline, the discovery deadline was less than two weeks away "and the parties' mediation was fast approaching." (*Id.*, PageID.1580-81, 1583).

Finally, UJ-FL argues that, although the "first part [of Encore's proposed affirmative defense] at least smells like mitigation[,] . . . the same is not true of the second and third parts." (*Id.*, PageID.1577). UJ-FL contends that the second part "is, once again, Encore's oft-repeated (and -rejected) argument that UJ-FL actually repudiated the Lease first or caused Encore to act the way it

4

did"; and the third part assumes that "UJ-FL was compelled to negotiate a settlement with Encore." (*Id.*, PageID.1577-78). Therefore, UJ-FL asserts, neither part two nor three of the proposed amendment properly raises UJ-FL's duty to mitigate damages, to the extent such a duty existed.

### III. Legal Standards

Federal Rule of Civil Procedure 15(a)(2) states in relevant part that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." "Rule 15 reinforce[s] the principle that cases should be tried on their merits rather than the technicalities of pleadings, and therefore assumes a liberal policy of permitting amendments." *Langley v. Credit Suisse First Boston Corp.*, 89 F. App'x 938, 943 (6th Cir. 2004) (internal quotation marks omitted). Likewise, the Supreme Court has stated that

> [i]f the underlying facts or circumstances relied upon by a [party] may be a proper subject of relief, [it] ought to be afforded an opportunity to test [its] claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). Finally, the Sixth Circuit has clarified:

> In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the [party] from bringing a timely action in another jurisdiction.

*Phelps v. McClellan*, 30 F.3d 658, 662-63 (6th Cir. 1994).

**IV.    Analysis**

Having reviewed the parties' briefs and relevant case law, the Court concludes that there is no persuasive reason to deny Encore's motion. The instant motion was filed just sixteen days after Encore was made aware that UJ-FL objected to discovery on mitigation of damages and well before the Court's cut-off date for filing a motion to amend the pleadings. The Court finds there to be no bad faith or dilatory motive behind the instant request; nor has Encore previously failed to cure the deficiency at issue, as this is Encore's first motion to amend its answer. Further, under the Court's current scheduling order, the discovery deadline is set for August 9, 2022, giving the parties ample time to conduct relevant discovery, if any, in advance of their September 19, 2022, facilitation and the February 7, 2023, trial date. (ECF No. 79).

Moreover, UJ-FL should not be surprised by the requested amendment.[2] "[I]t is a well-established rule that in case of a breach of contract the injured party must make every reasonable effort to minimize the damages suffered and that it would be the duty of the court upon request to so charge the jury." *Rich v. Daily Creamery Co.*, 296 N.W. 253, 258 (Mich. 1941). "The duty to mitigate damages prevents a party who has been wronged by a breach of contract to accumulate damages by sitting idle. This duty does not permit a party to recover from a wrongdoer those damages which [it] could have avoided without undue risk, burden or

---

[2] Although the Court agrees with Encore that UJ-FL should not be surprised by the proposed amendment, the Court disagrees with Encore's arguments regarding the law of the case as it relates to the Court's prior reference to "mitigating factors." *Encore Big Beaver*, 2022 WL 428405, at *4. In the February 11, 2022, opinion and order, the Court discussed "mitigating factors" in the context of causation, which is both legally and factually distinct from UJ-FL's affirmative duty to mitigate damages. There is, therefore, no law of the case on this particular issue.

6

humiliation." *Iron Workers' Loc. No. 25 Pension Fund v. Klassic Servs., Inc.*, 913 F. Supp. 541, 546 (E.D. Mich. 1996).  While "[the injured party] has a duty to mitigate his or her loss[,] [i]t is the [opposing party's] burden to prove that the [injured party] failed to mitigate."  *Honigman v. Comerica Bank*, No. 227325, 2003 WL 231563, at *5 (Mich. Ct. App. Jan. 31, 2003).

Although within lease-related lawsuits mitigation of damages is more commonly raised in the context of a breaching tenant or lessee, as opposed to the present context of a breaching landlord or lessor, the principle is equally applicable here.  For example, in *Fera v. Village Plaza, Inc.*, 218 N.W.2d 155 (Mich. Ct. App. 1974), *rev'd on other grounds*, 242 N.W.2d 372 (Mich. 1976), plaintiff lessees filed suit against their lessor.  The Michigan Court of Appeals explained that defendants should have been permitted "to amend their pleadings to add failure to mitigate damages as an affirmative defense.  Since parties suing for breach of contract have the affirmative obligation to mitigate damages, the assertion of that defense could not have surprised plaintiffs."  *Id*. at 158-59 (citation omitted).  As in the present case, the plaintiffs in *Fera* argued that "the sought-after space was unique" and superior to alternative locations.  *Id*. at 159.  The Michigan Court of Appeals stated that such issues were for the jury to decide.  *See id*.  The same conclusions apply here.  As the injured party, UJ-FL has the affirmative obligation to mitigate damages and the present assertion of that defense should not come as a surprise.  UJ-FL's contention that Encore's space was uniquely suited for UJ-FL's needs and aspirations simply factors into the reasonableness of UJ-FL's mitigation efforts; it does not render such efforts or analysis futile.

However, Encore's proposed amendment goes too far.  UJ-FL must demonstrate that it took "reasonable actions to minimize the extent of damages arising from the wrongful breach of contract."  *M & V Barocas v. THC, Inc.*, 549 N.W.2d 86, 87 (Mich. Ct. App. 1996).

"The rule . . . prevents the [injured party's] recovery of such damages as result from [its] imprudent act or omission to act following the commission of the wrong." Comment Note, *Duty to Mitigate Damages*, 81 A.L.R. 282 (Originally published in 1932).  Encore's proposed affirmative defense must therefore only address the steps (or lack thereof) that UJ-FL took to minimize its losses *post*-breach, not its "commercial assurances" or actions *pre*-breach.  Encore has repeatedly argued that UJ-FL, not Encore, repudiated the parties' lease or otherwise caused the breach – an argument that this Court has twice rejected.  *See Encore Big Beaver*, 2021 WL 2682732, at *5-6; *Encore Big Beaver*, 2021 WL 5413888, at *4.  Encore may not now raise substantially similar arguments under the guise of the duty to mitigate.

V.   **Conclusion**

For the reasons stated above,

IT IS ORDERED that Encore's motion for leave to amend its answer to UJ-FL's counterclaim (ECF No. 75) is granted in part as follows:  Encore may amend its answer to include the affirmative defense of failure to mitigate damages.  However, the amendment must exclude part two (2) of the proposed amendment, which goes beyond post-breach mitigation.

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated:  June 21, 2022
Detroit, Michigan

8